Dear Mr. Hawkland:
Your request for an Attorney General's opinion regarding revocation of a corporation or limited liability company's active status for failure to pay the requisite fees has been forwarded to me for research and reply.
According to your request, the procedure of the Secretary of State is to receive the Articles of Incorporation or Articles of Organization along with a check for the filing fee and to file the corporation or limited liability company immediately thereafter. The checks are accepted in good faith at the time they are tendered and the filing fee is considered to be paid at that time. However, checks are sometimes returned to the Secretary of State's office because there are insufficient funds in the corporation or limited liability company's account.
You seek an opinion on whether the Secretary of State may place a corporation or limited liability company, whose check was returned for insufficient funds, on inactive status until payment is made.
As you know, LSA-R.S. 12:25(B) states that:
 If the secretary of state finds that the articles and initial report are in compliance with the provision of this Chapter and after all fees have been paid as required by law, the secretary of state shall record the articles and the initial report in his office, endorse on each the date and, if requested, the hour of filing thereof with him, and issue a certificate of incorporation that shall show the date and, if endorsed on the articles, the hour of filing of the articles with him. The certificate of incorporation shall be conclusive evidence of the fact that the corporation has been duly incorporated, except that in any proceeding brought by the state to annul, forfeit, or vacate a corporation's franchise, the certificate of incorporation shall be only prima facia evidence of due incorporation. LSA-R.S. 12:25(B).
LSA-R.S. 12:1304(B) sets forth the same for a limited liability company. The statute makes clear that payment of fees is a requisite step in the incorporation process and that the secretary of state shall record the articles only upon finding that said fees have been paid.
When an organization "should not have been formed or has been formed without substantial compliance with the conditions precedent for organization," Louisiana law permits the Secretary of State to assert a cause of action to revoke that organization's articles of incorporation or organization. LSA-R.S. 12:163(B)(3), 12:1363(B)(3). However, it should be noted that "practically speaking, such actions by the Attorney General are exceedingly rare, if not unheard of, in contemporary practice." 8 La. Civ. L. Treatise § 40.18 (2006).
If the Secretary of State decides to bring suit to revoke the articles, the Secretary is required to give notice of his intent to do so at least thirty days prior to taking such action. See RS. 12:1363(D). If, after receipt of the notice of intent to revoke articles of incorporation/organization, a corporation still refuses to pay the fees, that corporation has not "substantially complied with the conditions precedent for organization" and the secretary of state has grounds to proceed with a suit to suspend the organization until payment is made.
However, there may simply be an accounting error on the part of the entity filing the paperwork and the insufficient funds issue may be quickly resolved. Many times the Registered Agent may file forms and pay the filing fee for the entity. This insufficient funds issue should not be reflective of the entity filing for incorporation. Therefore, the corporation or LLC must first be given the opportunity to comply with the statutory fee requirements prior to having its articles revoked.
Additionally, it may be prudent for the Secretary of State to consider such alternatives as waiting for the check to clear before recording the Articles and issuing a certificate, or perhaps requiring that any payment by check be certified or guaranteed funds.
We trust this adequately responds to your request. If you have any additional questions or comments, please do not hesitate to contact our office.
 Respectfully submitted,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:______________________
 WILLIAM P. BRYAN, III
 Assistant Attorney General
 CCF, Jr./WPB, III